Case 4:16-cv-00516 Document 6 Filed in TXSD on 03/01/16 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
March 01, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILBERT PATRICK STEWART, TDCJ #1833832, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-0516 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, | § § § § | |
| Respondent.[1] | § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Wilbert Patrick Stewart (TDCJ #1833832), has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) and a Memorandum of Law ("Memorandum") (Docket Entry No. 3), challenging the calculation of his sentence following the revocation of his parole. Stewart has also filed an Affidavit in Support of Request to Proceed In Forma Pauperis (Docket Entry No. 2). After considering the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

---

[1] The petitioner lists Executive Director Brad Livingston as the respondent. Because the petitioner is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division, the court substitutes Director William Stephens as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Proceedings in the United States Courts.

## I. Background

Stewart is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a 1993 conviction for robbery by threat in cause number 1993-CR-00145.[2] After pleading guilty in that case Stewart received a 26-year prison sentence from the 226th District Court for Bexar County, Texas.[3] Stewart was subsequently released on parole in 2009.[4] While on parole Stewart was convicted of burglary of a habitation with intent to commit assault in cause number 2012-CR-6387.[5] Stewart reportedly received a nine-year "concurrent" sentence in that case from the 187th District Court of Bexar County, Texas.[6] His parole in cause number 1993-CR-00145 was revoked on January 31, 2013.[7]

In his pending Petition and Memorandum Stewart contends that he is entitled to relief because he has been denied credit for the time he spent out of custody on parole (i.e., "calendar time" or "street time").[8] As a result of this miscalculation, Stewart

---

[2]Petition, Docket Entry No. 1, p. 2.

[3]Id.

[4]Memorandum, Docket Entry No. 3, p. 5.

[5]Id. at 8.

[6]Id.

[7]Petition, Docket Entry No. 1, p. 5.

[8]Petition, Docket Entry No. 1, p. 6; Memorandum, Docket Entry No. 3, pp. 8-19.

appears to claim that the 26-year sentence that he received in cause number 1993-CR-00145 has been improperly extended or amended to reflect a new expiration date in violation of the right to due process.[9] This is not Stewart's first attempt to challenge the calculation of his sentence through federal habeas corpus review.

Court records confirm that Stewart has filed a previous federal habeas corpus petition challenging the calculation of his sentence following the revocation of his parole. See Stewart v. Stephens, Civil No. C-13-0408 (S.D. Tex.). In that case Stewart also argued that the 26-year sentence that he received in 1993-CR-00145 was improperly extended or amended because he was denied street time credit for the years he spent out of custody on parole.[10] The district court granted the respondent's motion for summary judgment and dismissed the petition with prejudice on July 21, 2014.[11] The Fifth Circuit denied Stewart a certificate of appealability from that decision. See Stewart v. Stephens, No. 14-40835 (5th Cir. March 4, 2015) and No. 14-40743 (5th Cir. April 3, 2015). Thereafter, the United States Supreme Court denied Stewart's petition for a writ of certiorari. See Stewart v. Stephens, 136 S. Ct. 300 (Oct. 5, 2015).

---

[9]Petition, Docket Entry No. 1, p. 6; Memorandum, Docket Entry No. 3, p. 8.

[10]Petition for a Writ of Habeas Corpus By a Person in State Custody, Docket Entry No. 1, in Civil No. C-13-0408, p. 6; Memorandum, Docket Entry No. 2 in Civil No. C-13-0408, pp. 4-20.

[11]Order Adopting Memorandum and Recommendation, Docket Entry No. 36, and Final Judgment, Docket Entry No. 37, in Civil No. C-13-0408.

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief. Before a second or successive application permitted by this section may be filed in the district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). If the Petition qualifies as a successive writ, the court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). A subsequent application is "second or successive" when it (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). The claims in this case were raised previously or could have been presented in Stewart's earlier habeas corpus proceeding.[12] Thus, the pending Petition meets the second-or-successive criteria.

---

[12] Compare Petition, Docket Entry No. 1, p. 6, and Memorandum, Docket Entry No. 3, pp. 8-20, with Petition, Docket Entry No. 1, p. 6, and Memorandum, Docket Entry No. 2, pp. 6-20, in Civil No. C-13-0408.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending Petition is successive, Stewart is required to seek authorization from the Fifth Circuit before this court can consider his application. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d at 235). Stewart has not presented the requisite authorization. Absent such authorization this court lacks jurisdiction over the Petition. Id. at 775. Accordingly, the Petition must be dismissed as an unauthorized successive writ.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the Petition in this case qualifies as a second or successive application. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Wilbert Patrick

       Stewart (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction as an unauthorized successive application.

2.    Stewart's Request to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 1st day of March, 2016.

 

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE